JODA NELSON AND FIRST NATIONAL
INSURANCE AGENCY, INC. *v.*
GLENS FALLS INSURANCE COMPANY

5-5704                                   475 S.W. 2d 690

Opinion delivered January 24, 1972

[Rehearing denied February 28, 1972.]

*Kemp & Whitmore,* for appellants.

*Arnold & Arnold;* By *Richard S. Arnold* and *G. William Lavender,* for appellee.

CARLETON HARRIS, Chief Justice. The real parties in interest in this litigation are Firemen's Fund Insurance Company and First National Insurance Agency, Inc., of Nashville, Arkansas, these companies having paid a claim to Joda Nelson because of damage to a catering van. Under subrogation rights, suit was instituted in the name of Nelson against Glens Falls Insurance Company, who had previously carried the coverage on the van. The facts leading up to this litigation are set out in the first four paragraphs of a comprehensive and well written opinion filed by the Circuit Court of Howard County, as follows:

"1. The Plaintiff, Joda Nelson, operates a catering service and restaurant in Nashville, Arkansas. On or about July 13, 1968, a motor vehicle owned by Plaintiff and used in his business was damaged in an accident.

The amount of the damage has been agreed upon, for purpose of this action, as $2,640.44.

2. Up until May 17, 1968, the Defendant Glens Falls Insurance Company, acting through its general agent, the Third-Party Defendant First National Insurance Agency, Inc., [1] of Nashville, had insured Mr. Nelson's motor vehicle under Policy No. A82-18-52. This policy, had it been in effect at the time of the above-mentioned accident, would have covered the damages occasioned thereby.

3. Glens Falls had first insured Mr. Nelson's motor vehicles on May 17, 1966. The insurance was for one year. It was renewed for a second year on May 17, 1967, but on May 17, 1968, the insurance policy was not renewed. It is undisputed that there was no actual written policy in effect at the time of the subject accident.

4. Plaintiff's claim is based upon an alleged oral agreement by First National Insurance Agency, Inc., through its manager, Jay Toland, to renew his insurance policy with Glens Falls. It is claimed that First National Insurance Agency, Inc., as a general agent for Glens Falls, had authority to renew insurance policies and to agree to renew insurance policies, and that Glens Falls is liable on First National's promise to renew."

On trial, the court, sitting as a jury, found for appellee, Glens Falls, and dismissed the complaint. From the judgment so entered, appellants bring this appeal.

The proof reflected that First National Insurance Agency, Inc. was agent for some five insurance ompanies, and had issued several insurance policies insuring Nelson's properties. These policies had been issued with Glens Falls since May 17, 1966, and the agency had collected the premiums on the policies by having them deducted from Nelson's account in the

---

[1] Glens Falls sought judgment over against First National as a third party defendant in the event judgment was rendered against appellee on plaintiff's complaint.

First National Bank, rather than receiving the premiums directly from the insured. The premiums were worked out on a 12 months basis and a draft was drawn on Nelson each month as a matter of keeping his account current and his insurance in force. When the policy covering the catering van became due, the agency, through inadvertence, failed to renew same. Mr. Jay Toland, secretary and general manager of the agency, testified that Nelson had been a customer for fifteen years and that the original policy with Glens Falls became effective in May of 1966. He said that in April of 1968, when a renewal policy would normally have been written, there was a severe hail storm in Nashville; that the company was in the midst of reporting storm losses, and simply neglected to renew the Nelson policy; that the agency did not become aware of this fact until the time of the loss in July.

Mr. Toland was very frank and candid in his testimony, and simply stated that it was an oversight on the part of the agency. He said that because of this oversight, the Glens Falls policy had not been renewed. He also stated that, except for the oversight, the agency would have renewed the policy with appellee company since it was the practice of this appellant to continue a policy of insurance with the same company rather than change it to another company (unless the company carrying the insurance rejected it). Mr. Toland testified that the agency represented four other companies and when an insurance policy expired, it was under no obligation to renew the policy with the same company; that the insurance could have been placed with another company of the same general character. According to the witness, his agency carried an "errors and omissions" policy with Firemen's Fund as a protection against this sort of mistake, such policy being a $1,000.00 deductible, and Nelson had been fully paid, with Firemen's Fund paying him $1,640.44, and the agency paying the other $1,000.00. Mr. Toland admitted that it was the obligation of the agency under the agreement with Glens Falls to notify the latter of renewals, and he agreed that it is important in the insurance business for an insurance company to be notified when policies are renewed

in order that a company may know of its liabilities. He further said that Nelson desired no particular company to carry his insurance and that, in fact, from time to time, his insurance had been placed with other companies.

The proof further reflected that it is the custom, in the insurance business, if an error is made on the part of an agent, for the agent to correct such error, and this was the reason for the buying of "errors and omissions" insurance.

By deposition, Nelson testified that he simply had an understanding with Jay Toland that his insurance would be continued, or renewed, from time to time when it became necessary; that it made no difference to him what insurance company had the coverage; that it was Toland's privilege to give the business to any company he desired, and that it would have made no difference to him if the coverage had been given to some other company. In other words, he simply was looking to Toland to take care of his insurance.

As authority for its position, appellants rely upon the Minnesota case of *Julian* v. *Spring Lake Park Agency*, 166 N. W. 2d 355. We do not consider that case authority for this particular set of facts, and it does not deal with renewals. Let it be remembered that Nelson was not expecting coverage from any particular company; he was paid for his loss, and he has no complaint. Probably the most pertinent fact is that, as an independent agent, First National Insurance Agency had the perfect right to place this coverage with one of several companies, and Nelson's properties had, at times in the past been insured with other companies; in fact, the record reflects that this coverage had only been held by Glens Falls for a period of two years before it expired. Of course, if appellant is right in its contention, there is no need for an independent agency to carry "errors and omissions" insurance.

There was certainly substantial evidence to support the court's findings that "The neglect and omission

that caused Mr. Nelson to be without coverage was that of First National Insurance Agency, Inc., and not that of Glens Falls Insurance Company".

Affirmed.